**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHERELLE THOMAS, | : | CIVIL ACTION |
| ADMINISTRATOR OF THE ESTATE OF | : | |
| TERELLE THOMAS and T.T., | : | |
| a minor, individually, as a child of | : | |
| Decedent Terelle Thomas and as his sole | : | NO.:1:20-CV-01178-YK |
| Survivor, | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| HARRISBURG CITY POLICE | : | |
| DEPARTMENT, *et al.* | : | |
| Defendants. | : | |

**POLICE OFFICERS SCOTT JOHNSEN,**
**ADRIENNE SALAZAR AND TRAVIS BANNING'S**
**MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

Police Officers Scott Johnsen, Adrienne Salazar and Travis Banning hereby

move the Court under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure

to state a claim upon which relief can be granted on the following grounds:

**FOURTH AMENDMENT CLAIMS**

1.      In her complaint, plaintiffs allege that the defendants failed to provide

medical care to Terelle Thomas despite knowing that Mr. Thomas had ingested

cocaine. In Counts I, II and V the plaintiffs assert claims under the Fourth and Fourteenth Amendments.

2.      A claim of unconstitutional deprivation of medical care asserted by an arrestee or pretrial detainee is properly brought under the due process clause of the Fourteenth Amendment. *Natale v. Camden County Correctional Facility,* 318 F. 3d 575, 581 (3d Cir. 2003)

3.      There are no facts alleged against Officers Johnsen, Salazar and Banning supporting their personal involvement in a Fourth Amendment violation.

WHEREFORE, Officers Johnsen, Salazar and Banning respectfully move the Court to dismiss plaintiffs' Fourth Amendment claim.

## <u>COUNT I</u>

1.      Count I of the complaint alleges a conspiracy and agreement among the individual police officers to deprive Mr. Thomas of his constitutional right to emergency medical care..

2.      Conclusory allegations of conspiracy or concerted action are insufficient to state a claim for conspiracy. The plaintiff's allegations of conspiracy "must be supported by facts bearing out the existence of a conspiracy and indicating its broad objectives and the role each defendant allegedly played in carrying out those objectives." *Lanza v. Moclock,* 2020 U.S. Dist. LEXIS 141668 *12 (M.D. Pa. 2020) *quoting Flanagan v. Shively,* 783 F. Supp. 922, 928 (M.D. Pa.  1992).

2

3.     In the complaint, plaintiffs aver only a conclusory statement that there was a "conspiracy and agreement" among the individual officers to deny Mr. Thomas emergency medical care. That is insufficient to state a claim for conspiracy.

4. As raised in the motion to dismiss Count V of the complaint, the plaintiffs do not plead a plausible claim that the individual police officers deprived Mr. Thomas of his constitutional right to emergency medical care. Absent an underlying constitutional violation the averment of conspiracy fails to state a claim for relief. *Williams v. Wetzel,* 2020 U.S. Dist. LEXIS 20105 *41-46 (M.D. Pa. 2020).

WHEREFORE, Officers Johnsen, Salazar and Banning respectfully move the court to dismiss Count I of the complaint for failure to state a claim upon which relief can be granted.

## COUNT II

1.     Count II of the complaint alleges a failure to intervene against the individual police officers.

2.     A police officer is liable under section 1983 for failure to intervene only when a constitutional deprivation takes place in his presence and there is a realistic and reasonable opportunity to intervene. *Dixon v. Schweizer,* 2020 U.S. Dist. LEXIS 143267 *22 (E.D. Pa. 2020).

3. As stated in the defendants' motion to dismiss Count V of the complaint, the plaintiffs have not alleged a plausible claim of a constitutional deprivation under

3

the Fourteenth Amendment and the complaint therefore fails to state a claim for relief based on failure to intervene.

WHEREFORE, Officers Johnsen, Salazar and Banning respectfully move the court to dismiss Count II of the complaint for failure to state a claim upon which relief can be granted.

## COUNT V

1.     Count V of the complaint alleges a failure to provide medical care.  In order to state a claim of violation of Terelle Thomas's constitutional right to adequate medical care, the plaintiff must plead (1) a serious medical need and (2) acts or omissions by the individual police officers that establish deliberate indifference to that need. *Natale v. Camden County Correctional Facility,* 318 F.3d 575, 582 (3d Cir. 2003).

2.     Plaintiffs fail to aver facts which establish a plausible claim that the individual police officers acted with deliberate indifference to a substantial risk of serious harm.

WHEREFORE, Officers Johnsen, Salazar and Banning respectfully move the court to dismiss Count V of the complaint for failure to state a claim upon which relief can be granted.

## QUALIFIED IMMUNITY

1.     As a matter of law, Officers Johnsen, Salazar and Banning have qualified immunity for the averments in the complaint.

WHEREFORE, Officers Johnsen, Salazar and Banning respectfully move the court to dismiss the complaint on grounds of qualified immunity.

## COUNT VI
## STATE LAW CLAIMS

1.     The state law claims are styled in the complaint as sounding in "negligence". Those claims do not fall within any of the exceptions to local governmental immunity under 42 Pa. Cons. Stat. Ann. section 8542.

2.     There are no facts alleged that state a plausible claim for relief for willful misconduct under 42 Pa. Cons. Stat. Ann. section 8550.

WHEREFORE, Officers Johnsen, Salazar and Banning respectfully move the Court to dismiss Count VI of the complaint for failure to state a claim upon which relief can be granted.

## COUNTS VII AND VIII
## SURVIVAL AND WRONGFUL DEATH CLAIMS

1.     The complaint contains separate counts asserting claims under the Survival and Wrongful Death Acts. A plaintiff's right to recover under both the Survival Act and Wrongful Death Act is derivative of and dependent upon a tortious act that resulted in the decedent's death. *Santiago v. City of Harrisburg,* U.S. Dist.

LEXIS 50359 *41-42 (M.D. Pa. 2020) *quoting Valentino v. Philadelphia Triathlon. LLC,,* 150 A. 3d 483, 493 (Pa. Super. 2016). Because plaintiffs have failed to plead a state law tort claim against Officers Johnsen, Salazar and Banning the Survival Act and Wrongful death claims fail as well.

WHEREFORE, Officers Johnsen, Salazar and Banning respectfully move the Court to dismiss Counts VII and VIII of the complaint for failure to state a claim upon which relief can be granted.

### **Punitive Damages**

1.     The complaint makes only conclusory averments of unlawful, wanton, unreasonable, malicious unreasonable conduct by the individual police officers done with deliberate indifference to Mr. Thomas's health and welfare. There are no factual allegations supporting a plausible claim of outrageous conduct necessary to support an award of punitive damages.

WHEREFORE, Officers Johnsen, Salazar and Banning respectfully move the court to dismiss plaintiffs' claim for punitive damages.

RAWLE & HENDERSON LLP

By: _____

Fred B. Buck, Esquire
Identification No. 31642
Gary N. Stewart, Esquire
Identification No.: 67353
Inder D. Paul, Esquire
Identification No. 323135
Attorneys for Defendants, City of
Harrisburg and Police Officers Scott
Johnsen, Adrienne Salazar and Travis
Banning
Payne Shoemaker Building
240 N. Third Street, 9th Floor
Harrisburg, Pennsylvania 17101
fbuck@rawle.com
gstewart@rawle.com
ipaul@rawle.com
(717) 234-7700
(717) 234-7710 - fax
Our File No.: 251569

DATED:  August 17, 2020

13951389-1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHERELLE THOMAS, | : | CIVIL ACTION |
| ADMINISTRATOR OF THE ESTATE OF | : | |
| TERELLE THOMAS and T.T., | : | |
| a minor, individually, as a child of | : | |
| Decedent Terelle Thomas and as his sole | : | NO.:1:20-CV-01178-YK |
| Survivor, | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| HARRISBURG CITY POLICE | : | |
| DEPARTMENT, *et al.* | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within-captioned document was filed electronically with the Clerk of the District Court using its CM/ECF system, which will then electronically notify all counsel of record all of whom are CM/ECF participants.

RAWLE & HENDERSON LLP

By: _____
Fred B. Buck, Esquire
Attorneys for Defendants, City of
Harrisburg and Police Officers Scott
Johnsen, Adrienne Salazar and Travis
Banning

DATED:  August 17, 2020

13951389-1