IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHERELLE THOMAS,** : | |
| **ADMINISTRATOR OF THE ESTATE** : | No. 1:20-cv-01178 |
| **OF TERELLE THOMAS and** : | |
| **T.T., a minor, individually, as child of** : | (Judge Kane) |
| decedent Terelle Thomas and as his : | |
| sole survivor, : | |
| Plaintiffs : | |
| : | |
| v. : | |
| : | |
| **HARRISBURG CITY POLICE** : | |
| **DEPARTMENT, et al.,** : | |
| Defendants : | |

## ORDER

**AND NOW**, on this 23rd day of February 2021, in accordance with the Memorandum issued concurrently with this Order, **IT IS ORDERED THAT** the motions to dismiss filed by Defendants (Doc. Nos. 12, 19, 20, 37, 39) are **GRANTED** as follows:

1. The Clerk of Court is directed to amend the caption of this action to substitute the City of Harrisburg ("Defendant City") for the incorrectly named defendant Harrisburg City Police Department;[1]

2. The Clerk of Court is directed to terminate Defendant Dauphin County Adult Probation as a defendant in this action;

3. Plaintiffs' federal claims pursuant to 42 U.S.C. § 1983 against Individual Defendants Daril Foose, Brian Carriere, Scott Johnsen, Adrienne Salazar, Travis Banning, and Dan Kinsinger (collectively the "Individual Defendants") for conspiracy (Count I), failure to intervene (Count II), and failure to render medical care (Count V) are **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to file an amended complaint, within thirty (30) days of the date of this Order, that

---

[1] The complaint in this action does not name the City of Harrisburg as a defendant; rather, "Harrisburg City Police Department" is the named institutional defendant for Harrisburg. (Doc. No. 1.) The correct defendant is the City of Harrisburg itself rather than the police department, as acknowledged by the City in its motion to dismiss (Doc. No. 12) and by Plaintiffs in their brief in opposition (Doc. No. 22 at 1).

corrects the pleading deficiencies identified in the Memorandum issued concurrently with this Order;

4. Plaintiffs' state law claims against the Individual Defendants for negligence (Count VI), wrongful death (Count VII), and survival action (Count VIII) are **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to file an amended complaint, within thirty (30) days of the date of this Order, that corrects the pleading deficiencies identified in the Memorandum issued concurrently with this Order

5. Plaintiffs' federal claims pursuant to 42 U.S.C. § 1983 and Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658 (1978) against Defendant City for failure to train (Count IV) and failure to render medical care (Count V) are **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to file an amended complaint, within thirty (30) days of the date of this Order, that corrects the pleading deficiencies identified in the Memorandum issued concurrently with this Order; and

6. Plaintiff's state law claims for negligence (Count VI), wrongful death (Count VII), and survival action (Count VIII) as asserted against Defendant City and Defendant Dauphin County are **DISMISSED WITH PREJUDICE**.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
