IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERELLE THOMAS, ADMINISTRATOR OF THE ESTATE OF TERELLE THOMAS and T.T., a minor, individually, as a Child of Decedent Terelle Thomas and as his sole survivor, <br><br>                    Plaintiffs <br><br> v. <br><br> CITY OF HARRISBURG, et al. <br>                    Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | NO.: 1:20-cv-01178-YK <br><br> CIVIL ACTION – LAW <br><br> JUDGE YVETTE KANE <br><br> *Electronically Filed* <br><br><br><br> JURY TRIAL DEMANDED |

**PRIMECARE MEDICAL, INC.'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

AND NOW, comes Defendant PrimeCare Medical, Inc. ("PrimeCare"), by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, who files this Answer with Affirmative Defenses to Plaintiffs' Amended Complaint (Doc 52), by respectfully stating the following:

**JURISDICTION AND VENUE**

1. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied. By way of further answer, there is no private cause of action for monetary damages for an alleged violation of the Pennsylvania Constitution.

2. Admitted.

3. Admitted.

4. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

## PARTIES

5. Denied. After reasonable investigation, PrimeCare is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph. The same is therefore denied.

6. Denied. After reasonable investigation, PrimeCare is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph. The same is therefore denied.

7. Denied. After reasonable investigation, PrimeCare is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph. The same is therefore denied.

8. Admitted in part; denied in part. It is admitted that Terelle Thomas is deceased. The remainder of this allegation is denied. By way of further answer, at no time was there a violation of the applicable standard of medical care nor was

there a deliberate indifference to a serious medical condition.  Moreover, Terelle Thomas lied about the ingestion of cocaine prior to his death.

9. – 19.   The averments contained in these paragraphs are directed at a party other than PrimeCare, and therefore, no response is required.  If a response is required, said averments are denied.

20.   Admitted in part; denied in part.  It is admitted that PrimeCare is located on Locust Lane in Harrisburg, Pennsylvania and that it has a contract with Dauphin County to provide medical services to inmates and detainees at the Dauphin County Prison.  By way of further answer, PrimeCare is located at 3940 Locust Lane.  The remainder of this allegation is denied.

21.   Denied.  The averments contained in this paragraph contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

22.   Denied.  At all times material hereto, the applicable standard of medical care was met by PrimeCare and its employees.

23.   Denied.  The averments contained in this paragraph contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

24. Denied. After reasonable investigation, PrimeCare is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph. The same is therefore denied.

25. The averments contained in this paragraph are directed at a party other than PrimeCare, and therefore, no response is required. If a response is required, said averments are denied.

26. The averments contained in this paragraph are directed at a party other than PrimeCare, and therefore, no response is required. If a response is required, said averments are denied.

27. – 36. Denied. The averments contained in these paragraphs contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

## OPERATIVE FACTS

37. – 66. Denied. After reasonable investigation, PrimeCare is without sufficient knowledge or information to form a belief as to the truth of the averments contained in these paragraphs. The same is therefore denied.

### Despite Believing that Decedent Thomas had Swallowed a Large Amount of Cocaine, Defendant Officers Decided to Violate Departmental Policy and Take Decedent to Jail Instead of a Hospital

67. – 82.   Denied.  After reasonable investigation, PrimeCare is without sufficient knowledge or information to form a belief as to the truth of the averments contained in these paragraphs.  The same is therefore denied.

### Dauphin County Prison Was Not the Fit to Render Proper Medical Services

83. Admitted in part; denied in part.  It is admitted that PrimeCare has a contract with Dauphin County to provide medical services to inmates incarcerated in the Dauphin County Prison.  The remainder of this allegation is denied.

84. Denied.  The averments contained in this paragraph contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

85. Admitted in part; denied in part.  It is admitted that PrimeCare provides medical services to inmates incarcerated in the Dauphin County Prison.  The remainder of this allegation is denied.

86. Denied.  The averments contained in this paragraph contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.  By way of further

answer, PrimeCare is not a hospital nor does it have an infirmary at the Dauphin County Prison.

87. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied. By way of further answer, PrimeCare is not a hospital.

88. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied. By way of further answer, PrimeCare will transfer patients to local hospitals for needed medical care.

89. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied. By way of further answer, PrimeCare is not a hospital.

90. – 94. Denied. The averments contained in these paragraphs contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

95. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied. By way of further answer, Terelle Thomas denied ingesting cocaine when asked.

96. – 104. Denied. The averments contained in these paragraphs contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

### Defendants Repeatedly Failed Decedent Thomas

105. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

106. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied. By way of further answer, Terelle Thomas denied ingesting cocaine prior to his death.

107. – 109. Denied. The averments contained in these paragraphs contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

# FEDERAL CLAIMS

**COUNT I:  Sherelle Thomas, Administrator of the Estate of Terelle Thomas, Deceased v. Defendants Officer Daril Foose, Probation Officer Dan Kinsinger, Officer Scott Johnsen, Officer Adrienne Salazar, Officer Travis Banning, Officer Brian Carriere, DCP John Does and PrimeCare John Does (Deprivation of Rights Guaranteed Under the 14th Amendment to the U.S. Constitution, addressable via 42 U.S.C. § 1983; Failure to Intervene)**

110.   The responses to paragraphs 1 through 109 are incorporated as if set forth herein at length.

111. – 120.   The averments contained in these paragraphs are directed at a party other than PrimeCare, and therefore, no response is required.  If a response is required, said averments are denied.

WHEREFORE, Defendant PrimeCare Medical, Inc. respectfully requests that Plaintiffs' Amended Complaint be dismissed with prejudice and that judgment be entered in its favor.

**COUNT II:  Sherelle Thomas, Administrator of the Estate of Terelle Thomas, Deceased v. Dauphin County, PrimeCare, DCAP John Doe Supervisory Officers, DCP John Doe Prison Officials and PrimeCare John Doe (Deprivation of Rights Guaranteed Under the 14th Amendment to the U.S. Constitution, addressable via 42 U.S.C. § 1983; Failure to Train, Supervise, Control or Discipline)**

121.   The responses to paragraphs 1 through 120 are incorporated as if set forth herein at length.

122. – 128. Denied. The averments contained in these paragraphs contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied. By way of further answer, PrimeCare policies and procedures and training were all consistent with national correctional healthcare standards.

WHEREFORE, Defendant PrimeCare Medical, Inc. respectfully requests that Plaintiffs' Amended Complaint be dismissed with prejudice and that judgment be entered in its favor.

**COUNT III: Sherelle Thomas, Administrator of the Estate of Terelle Thomas, Deceased v. City of Harrisburg, Harrisburg Police John Does (Deprivation of Rights Guaranteed Under the 14th Amendment to the U.S. Constitution, addressable via 42 U.S.C. § 1983; Failure to Train, Supervise, Control or Discipline)**

129. The responses to paragraphs 1 through 128 are incorporated as if set forth herein at length.

130. – 134. The averments contained in these paragraphs are directed at a party other than PrimeCare, and therefore, no response is required. If a response is required, said averments are denied.

WHEREFORE, Defendant PrimeCare Medical, Inc. respectfully requests that Plaintiffs' Amended Complaint be dismissed with prejudice and that judgment be entered in its favor.

### COUNT IV: Sherelle Thomas, Administrator of the Estate of Terelle Thomas, Deceased v. Defendant Officers, PrimeCare John Does and DCP John Does
### (Failure to Render Medical Care)

135.  The responses to paragraphs 1 through 134 are incorporated as if set forth herein at length.

136. – 146.  The averments contained in these paragraphs are directed at a party other than PrimeCare, and therefore, no response is required.  If a response is required, said averments are denied.

WHEREFORE, Defendant PrimeCare Medical, Inc. respectfully requests that Plaintiffs' Amended Complaint be dismissed with prejudice and that judgment be entered in its favor.

## STATE LAW CLAIMS

### COUNT V: Sherelle Thomas, Administrator of the Estate of Terelle Thomas, Deceased v. Defendants PrimeCare and PrimeCare John Does
### (Medical Negligence)

147.  The responses to paragraphs 1 through 146 are incorporated as if set forth herein at length.

148. – 151.  Denied.  The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

WHEREFORE, Defendant PrimeCare Medical, Inc. respectfully requests that Plaintiffs' Amended Complaint be dismissed with prejudice and that judgment be entered in its favor.

### COUNT VI:  Plaintiff T.T., a minor v. Defendants PrimeCare and PrimeCare John Does
### (Wrongful Death)

152.   The responses to paragraphs 1 through 151 are incorporated as if set forth herein at length.

153. – 158.   Denied.  The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

WHEREFORE, Defendant PrimeCare Medical, Inc. respectfully requests that Plaintiffs' Amended Complaint be dismissed with prejudice and that judgment be entered in its favor.

### COUNT VII:  Estate of Terelle Thomas v. Defendants PrimeCare and PrimeCare John Does
### (Survival Action)

159.   The responses to paragraphs 1 through 158 are incorporated as if set forth herein at length.

160. – 162.   Denied.  The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

WHEREFORE, Defendant PrimeCare Medical, Inc. respectfully requests that Plaintiffs' Amended Complaint be dismissed with prejudice and that judgment be entered in its favor.

## **AFFIRMATIVE DEFENSES**

1. Terelle Thomas assumed the risk of any injury by lying about the ingestion of cocaine.  It was reasonable for medical and correctional staff members to rely upon the information that Terelle Thomas provided.  Specifically, it is reasonable to assume that Terelle Thomas did not ingest cocaine when he said he did not ingest cocaine.

2. Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

3. At all times material hereto, PrimeCare Medical, Inc. provided medical treatment which conformed to the applicable standard of care.

4. Plaintiffs are unable to demonstrate a deliberate indifference to a serious medical condition.

5. Plaintiffs' claims and/or alleged losses, at most, demonstrate a difference of opinion as to medical treatment.

6. Plaintiffs' claims and/or alleged losses may be limited and/or barred by the Prison Litigation Reform Act.

7. Plaintiffs' claims and/or alleged losses are barred by the applicable statute of limitations.

8. The alleged negligence and/or deliberate indifference of PrimeCare Medical, Inc. did not cause Plaintiffs or Terelle Thomas to suffer any injury.

9. At no time were the constitutional rights of Plaintiffs violated.

10. At all times material hereto, PrimeCare Medical, Inc. is immune from suit.

11. PrimeCare Medical, Inc.'s policies and procedures conform to national accreditation standards.

12. Terelle Thomas may have been a non-compliant patient.

13. PrimeCare Medical, Inc. cannot be vicariously liable for the alleged unconstitutional acts of its employees

14. The healthcare providers who provided treatment to Terelle Thomas utilized their best professional judgment in evaluating and providing treatment.

15. Any alleged negligence on the part of PrimeCare Medical, Inc., which negligence is expressly denied, was not the factual cause of any harm suffered by Plaintiffs or Terelle Thomas.

16. Plaintiff cannot demonstrate any deficiencies in PrimeCare Medical, Inc.'s policies and procedures for the provision of medical care at the Dauphin County Prison.

17. Any injuries alleged by Plaintiffs were as a result of the actions and/or inactions of Terelle Thomas.

18. At all times material hereto, the practices of PrimeCare Medical, Inc. have been reasonable and appropriate and have insured the protection of all rights, privileges and immunity of the public.

19. At no time material hereto did PrimeCare Medical, Inc. act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

20. Plaintiffs and Terelle Thomas did not suffer any injuries or damages as a result of any acts or omissions by PrimeCare Medical, Inc.

21. Terelle Thomas assumed the risk of harm by his own conduct.

22. Any injury or damage sustained by Plaintiffs was a direct and proximate result of the conduct of Terelle Thomas.

23. Plaintiffs' claims are barred in whole or in part or otherwise subject to reduction by reason of the contributory negligence or intentional misconduct of Terelle Thomas.

24. Merely negligent or careless conduct, which is expressly denied, on the part of PrimeCare Medical, Inc. is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

WHEREFORE, Defendant PrimeCare Medical, Inc. respectfully requests that Plaintiffs' Amended Complaint be dismissed with prejudice and that judgment be entered in its favor.

Respectfully submitted,

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By: *s/ John R. Ninosky*
JOHN R. NINOSKY, ESQUIRE
PA Attorney ID No. 78000
100 Corporate Center Drive, Suite 201
Camp Hill, PA  17011
Telephone (717) 651-3709
Fax (717) 651-3707
jrninosky@mdwcg.com
Attorney for PrimeCare Medical, Inc.

Date:  October 27, 2021
LEGAL/141988162.v1

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of October, 2021, the foregoing *Answer with Affirmative Defenses to Plaintiffs' Amended Complaint* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record, which service satisfies the requirements of the Federal Rules of Civil Procedure.

Kevin V. Mincey, Esquire
Riley H. Ross, III, Esquire
Mincey Fitzpatrick Ross, LLC
12th Floor, East Tower
1500 Market Street
Philadelphia, Pa 19102
kevin@minceyfitzross.com
riley@minceyfitzross.com
*Attorneys for Plaintiff*

David J. MacMain, Esquire
MacMain, Connell & Leinhauser, LLC
433 W. Market Street, Suite 200
West Chester, PA 19382
dmacmain@macmainlaw.com
*Attorneys for Defendant Dauphin County*

Fred B. Buck, Esquire
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107
fbuck@rawle.com
*Attorneys for City of Harrisburg, City of Harrisburg Police Department, Officers Scott Johnsen & Adrienne Salazar and Travis Banning*

Gary N. Stewart, Esquire
Inder Deep Paul, Esquire
Rawle & Henderson, LLP
Payne Shoemaker Building, 9th Floor
240 North Third Street
Harrisburg, PA 17101
gstewart@rawle.com
ipaul@rawle.com
*Attorneys for City of Harrisburg Police Department, Officers Scott Johnsen & Adrienne Salazar and Travis Banning*

Sheryl L. Brown, Esquire
Siana Law, LLP
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
slbrown@sianalaw.com
*Attorney for Officers Daril Foose and Brian Carriere*

Donald L. Carmelite, Esquire
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011
dlcarmelite@mdwcg.com
*Attorneys for Dauphin County Probation Officer Dan Kinsinger*

MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN

By: *s/ John R. Ninosky*
    John R. Ninosky