## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHERELLE THOMAS,** | : | |
| ***Administrator of the Estate of*** | : | |
| ***Terelle Thomas*, et al.,** | : | |
| Plaintiffs | : | **No. 1:20-cv-01178** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **OFFICER DARIL FOOSE, et al.,** | : | |
| Defendants | : | |

### ORDER REFERRING CASE TO MEDIATION
### AND APPOINTING MEDIATOR

This case is referred to court-annexed mediation in accordance with Standing

Order 04-3, *In Re Authorizing Systematic Random Mandatory Mediation Referrals in Certain*

*Case Types*, (July 26, 2004). **ACCORDINGLY**, **IT IS HEREBY ORDERED THAT:**

(1)  The following individual is hereby appointed by the Court to serve as a
mediator in this action:

|  |  |
|---|---|
| Name of Mediator: | Joseph Barrett, Esq. |
| | U.S. District Court Clerk's Office |
| | 235 N. Washington Avenue |
| | Scranton, PA  18501 |
| Telephone: | 570-207-5662 |

(2)  The mediation conference(s) shall be scheduled by the mediator after
conferring with counsel and take place within the next sixty (60) days.

(3)   The mediation conference shall be conducted in accordance with M.D. Pa.
Local Rule 16.8.6.

(4) In accordance with M.D. Pa. Local Rule 16.8.3, the first six (6) hours of
mediation services shall be provided pro bono.  After six (6) hours, the parties and mediator shall
agree to terminate the mediation or to continue on a pro bono or hourly-pay basis in accordance
with Rule 16.8.3.

(5) The Clerk of Court is directed to cause a copy of this order to be served on the
Mediator and to forward to him/her a copy of the Docket Sheet.

2

(6) The mediator shall file the attached Mediation Report at the conclusion of the

mediation.

(7) Counsel are advised that their clients or client representatives with <u>complete</u> authority to negotiate and consummate a settlement shall be in attendance at the mediation conference.  The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion and the realistic freedom to exercise such discretion without negative consequences, in order to settle a case during the mediation conference, if appropriate, without consulting someone else who is not present.

(8) Counsel appearing for the mediation conference without their client representatives authorized as described above, may, in the discretion of the mediator, cause the mediation to be canceled or rescheduled.  The non-complying party/attorney or both may be assessed the costs or expenses incurred by other parties as a result of such cancellation or rescheduling, as well as any additional sanctions deemed appropriate by the court.  Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order.

<u>s/ Yvette Kane</u>
YVETTE KANE, District Judge
United States District Court
Middle District of Pennsylvania

Dated: February 22, 2024

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHERELLE THOMAS,** | : | |
| **Administrator of the Estate of** | : | |
| **Terelle Thomas, <u>et</u> <u>al.</u>,** | : | |
| **Plaintiffs** | : | **No. 1:20-cv-01178** |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **OFFICER DARIL FOOSE, <u>et</u> <u>al.</u>,** | : | |
| **Defendants** | : | |

**<u>MEDIATION REPORT</u>**

In accordance with the Court's mediation order, a mediation conference was held on _____, 2024, and the results of that conference are indicated below:

_____   <u>The case has been completely settled.</u>

_____   <u>The case has been partially settled</u>.

_____   <u>No settlement reached.</u>

_____   <u>The parties have reached an impasse.</u>  The parties and the mediator agree that a future mediation conference(s) may be beneficial and will engage in additional discussions if appropriate.

_____
Signature of Mediator

_____
Name of Mediator

_____
Date